NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3432

SYLVIA MOODY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Sylvia Moody, of Killeen, Texas, pro se.

Calvin M. Morrow, Attorney, Office of General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Rosalyn L.  Wilcots, Acting  Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3432

SYLVIA MOODY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  February 8, 2007

_____

Before MICHEL, Chief Judge, SCHALL, and RADER, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) dismissed Ms. Sylvia Moody's constructive removal claim.  Sylvia Moody v. Gen. Servs. Admin., MSPB Docket No. DC0752060280-I-1 (Initial Decision, April 5, 2006; Final Order, August 15, 2006).  Because the Board properly dismissed Ms. Moody's appeal for lack of jurisdiction, this court affirms.

I

The General Services Administration (GSA) employed Ms. Moody as a Supervisory Contract Specialist, GS-1102-14 (GS-14), effective July 25, 2004.  The GS-14 position required Ms. Moody to serve a one-year probationary period.  On June 20, 2005, GSA notified Ms. Moody of her demotion to Contract Specialist, GS-1102-13 (GS-13), with an effective date of June 26, 2005.  On August 5, 2005, GSA further placed

Ms. Moody on leave restriction. Approximately three months after her demotion and one month after receiving the notification of leave restriction, Ms. Moody submitted her resignation letter to GSA on September 13, 2005. On December 30, 2005, GSA issued a final decision that Ms. Moody was not constructively removed.

Thereafter, on February 2, 2006, Ms. Moody sought review of GSA's final decision by the Board. The Board determined that it did not have jurisdiction and dismissed the appeal.

II

The Board's jurisdiction is not plenary, but rather limited to matters specifically entrusted to it by law, rule or regulation. See 5. U.S.C. § 7701(a); Schmittling v. Dep't of the Army, 219 F.3d 1332, 1336 (Fed. Cir. 2000). Ms. Moody has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993). Jurisdiction is a question of law that this court reviews without deference. Fields v. Dep't of Justice, 452 F.3d 1297, 1301 (Fed. Cir. 2006). The Board enjoys no jurisdiction to review voluntary resignations. However, if shown involuntary, a resignation may amount to a constructive removal within the Board's jurisdiction. Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340-41 (Fed. Cir. 2001).

The Board's decision to dismiss Moody's appeal must be affirmed unless Moody establishes that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Schmittling, 219 F.3d at 1335.

The Administrative Judge stated and thereafter followed the proper legal test and correctly examined the facts presented in the evidentiary record. Ms. Moody did not present any evidence showing that her resignation was due to coercion. This court follows a three-part test to determine when coercion causes a resignation to be involuntary. Coercion is shown by evidence establishing: "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." Middleton v. Dep't of Def., 185 F.3d 1374, 1379 (Fed. Cir. 1999) (quoting Christie v. United States, 518 F.2d 584, 587 (1975)). "This test is an objective, rather than subjective one; an employee's subjective feelings are irrelevant. The employee must present allegations of fact which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning." Id.

In this case, Ms. Moody's demotion to GS-13 and adherence to a strict leave policy would not coerce a reasonable employee to resign. First, Ms. Moody submitted her resignation letter approximately three months after her demotion. Thus, the demotion did not present Ms. Moody no alternative but to resign. Indeed, a few months intervened between her demotion and her resignation. While the working environment may not have been pleasant after the demotion, an unpleasant work environment does not present the employee no choice but to resign. Further, Ms. Moody's dissatisfaction with the leave policy, including a choice between compliance with the policy and potential disciplinary action for unauthorized absence, does not equate to forcing an employee to resign.

Thus, the Board's decision to dismiss Ms. Moody's appeal for lack of jurisdiction was not arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law, rule, or regulation. Accordingly, the Board's decision dismissing Ms. Moody's appeal for lack of jurisdiction is affirmed.