**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TODD BURKE,<br>    Appellant, | DOCKET NUMBER<br>CH-0752-14-0124-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>    Agency. | DATE: May 11, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, Dallas, Texas, for the appellant.

Nayoka L. Irving, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency removed the appellant from the GS-14 position of Supervisory Information Technology Specialist based on the charge of providing sensitive contract documents to the employee of a subcontractor, R.D., creating the appearance of a conflict of interest. Initial Appeal File (IAF), Tab 4, Subtabs B, F, I. The appellant appealed the agency's action, denying the charged misconduct and requesting a hearing. IAF, Tab 1. However, during proceedings before the administrative judge, the appellant requested a decision on the written record. IAF, Tab 7.

¶3        The administrative judge found that R.D.'s statement that the appellant had given him sensitive documents related to an upcoming information technology contract valued at more than $400 million was more credible than the appellant's affidavit denying having provided the documents to R.D. IAF, Tab 15, Initial Decision (ID). The administrative judge found that such a prior release of sensitive documents could give the subcontractor an unfair competitive advantage over its rivals in submitting a proposal for the contract, creating the appearance of a conflict of interest. ID at 6. Thus, the administrative judge sustained the charge. He also found that the removal penalty did not exceed the bounds of reasonableness, and he affirmed the agency's action. ID at 7-10.

¶4	In his petition for review, the appellant contends that the administrative judge erred in finding the subcontractor's statement more credible than the appellant's denial of the misconduct. Petition for Review (PFR) File, Tab 1.[2]

¶5	When an administrative judge's findings regarding credibility are based on the demeanor of witnesses, those findings are entitled to deference. *Jackson v. Veterans Administration*, 768 F.2d 1325, 1331 (Fed. Cir. 1985). In this case, however, no hearing was held and the administrative judge's findings were based only on the written record. For this reason the Board is free to make its own credibility findings based on our review of the record. *See Schmittling v. Department of the Army*, 81 M.S.P.R. 225, 230 (1999) (the Board may substitute its own credibility determinations for an administrative judge's explicit or implicit credibility findings when the administrative judge's findings are not based on the demeanor of witnesses), *vacated on other grounds*, 219 F.3d 1332 (Fed. Cir. 2000). In this case, we find that the administrative judge's analysis was both logical and reasonable under the circumstances, and that the appellant's assertion of error is without merit.

¶6	According to the evidence of record, R.D. handwrote a statement about the appellant's action that led to the charges. R.D. described an incident between him and the appellant that occurred when R.D. was visiting the appellant's facility on February 6, 2013. R.D. said that "[a]t the end of the day, [the appellant] called me into his office and gave me some documents related to the upcoming [contract] solicitation. . . . After I got back to my hotel, I called my boss . . . for advice. He instructed me not to read [the documents], and to wait for instructions. . . . My boss . . . instructed me to stop at the nearest Fed Ex place and told me where to send [the documents], which I did." IAF, Tab 4, Subtab H, Exhibit 13.

---

[2] For unexplained reasons, the docket number that the appellant placed on his petition for review is the docket number of another appellant's case. It is clear from the arguments in the petition, however, that the petition relates to the appellant's appeal.

¶7    Another employee of the subcontractor contacted the agency about the February 6, 2013 incident, and the agency conducted an investigation. IAF, Tab 4, Subtab H. An agency investigator made a memorandum of the interview with R.D. that repeats much of what he set forth in his handwritten statement. *Id.*, Exhibit 12. The investigator also made a memorandum of the interview with R.D.'s supervisor, who was referenced in the written statement. The supervisor corroborated R.D.'s statement that, when he realized generally the content of the package that the appellant had given him, he called for guidance. The supervisor also corroborated that he gave the guidance as R.D. stated and that he followed it. *Id.*, Exhibit 14. The summary of interviews with other of the subcontractor's employees who were involved in returning the documents to the agency also corroborated that R.D. followed the direction about how to handle the documents once he realized from their titles that they were sensitive. *Id.*, Exhibits 1-5.

¶8    In addition, the investigator made a memorandum of the interview with the appellant. The appellant denied giving the sensitive documents to R.D. and speculated that R.D. took the documents from the appellant's desk. *Id.*, Exhibit 16. The appellant's denial is not corroborated, and it is partially contradicted by his clerical assistant. In the memorandum of interview with the appellant's clerical assistant, he told investigators that if the appellant is not in his office, his door is locked. *Id.*, Exhibit 17. The appellant's clerical assistant's statement thus suggests that R.D. would not have had access to the appellant's desk to take the sensitive documents, as the appellant suggests.

¶9    The administrative judge properly found that R.D.'s account was more credible than the appellant's. As the administrative judge properly found, the record shows that the appellant allowed very limited access to his office, making it improbable that R.D. would have had access to the appellant's office. ID at 5. Additionally, significant portions of R.D.'s account of the incident are corroborated by his supervisor. ID at 5. Further, R.D. and his supervisor's statements are consistent and do not display any evidence of fabrication or

collusion on their part.  ID at 5.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (factors that an administrative judge must consider when resolving credibility issues).

¶10      In his petition, the appellant emphasizes R.D.'s statement that he did not have a friendly relationship with the appellant, raising the implication that R.D.'s accusations could have been purposely detrimental to the appellant.  PFR File, Tab 1.  However, in his statement made during the course of the agency's investigation, the appellant indicated that he did not care for R.D.'s management style.  IAF, Tab 4, Subtab H, Exhibit 17.  In that interview, the appellant called R.D. a "bottleneck" who increases the appellant's costs to develop software.  *Id*.  The appellant also indicated that R.D. is evasive and that he does not trust R.D.  *Id*.  The appellant further indicated that he and R.D. had had "words" in the past.  *Id*.  The record shows then that R.D. and the appellant did not get along.  To the extent that the differences between R.D. and the appellant go to the *Hillen* factor of bias, we find that the self-reported record of their differences does not weigh for or against either R.D. or the appellant being more or less credible.

¶11      The appellant also contends that the agency failed to show that he benefited from giving sensitive documents to R.D.  PFR File, Tab 1.  If an agency chooses to label an action, then it must prove the elements that make up the legal definition of that charge, if any.  *Walker v. Department of the Army*, 102 M.S.P.R. 474, ¶ 4 (2006).  Here, as noted, the agency charged the appellant with providing sensitive contract documents to a subcontractor's employee creating the appearance of a conflict of interest.  IAF, Tab 4, Subtab F.  To the extent that the agency labeled the charge, there is no evidence that proof of gain to the appellant was an element of the charge.  In any event, the Board has held that even when an agency charges an employee with conflict of interest that includes financial gain, the reference to financial gain is a descriptive term that the agency need not prove to sustain its charge.  *See Acree v. Department of the Treasury*, 80 M.S.P.R. 73, ¶ 15 (1998), *aff'd*, 215 F.3d 1347 (Fed. Cir. 1999) (Table).

¶12    Accordingly, we agree with the administrative judge's decision to affirm the agency's removal action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____

William D. Spencer
Clerk of the Board

Washington, D.C.