# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACQUELINE H. HERBST, | DOCKET NUMBER |
|        Appellant, | DE-3443-15-0138-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND | DATE: July 6, 2015 |
|   HUMAN SERVICES, | |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacqueline H. Herbst, Tularosa, New Mexico, pro se.

Moira McCarthy, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;  the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was employed as a Senior Assistant Nurse Officer with the agency's United States Public Health Service Commissioned Corps (USPHSCC) from mid-1997 until she was terminated, during her 3-year probationary period, in late 1999. Initial Appeal File (IAF), Tab 1 at 1-2, 8-9, 15, 22, 25.

¶3 On December 22, 2014, the appellant filed an appeal with the Board regarding her termination.[2] IAF, Tab 1. She asserted that she was terminated after she wrote to a State Board to get an opinion about whether she was "legally working within her 'scope of practice.'" *Id.* at 2. She completed the box on her initial appeal form indicating that she wished to file an individual right of action appeal. *Id.* at 3. She attached a letter from the Office of Special Counsel (OSC), dated July 28, 2000, indicating that she had alleged to OSC "that the Commissioned Corps of the US Public Health Service ha[d] unjustly terminated

---

[2] She also checked boxes indicating that she was appealing a removal; a reduction in grade, pay, or band; a failure to restore/reemploy/reinstate or an improper restoration/reemployment/reinstatement; and a negative suitability determination. IAF, Tab 1 at 2. We conclude from the record that this pro se appellant was confused about the meaning of these terms, which do not apply to her, and only intended to appeal her termination. *Cf. Beverly v. U.S. Postal Service*, 113 M.S.P.R. 51, ¶ 7 (2010).

[her] because of [her] whistleblowing activities." *Id.* at 14. She declined a hearing. *Id.* at 1.

¶4    The administrative judge issued an acknowledgment order, advising the appellant of her burden to file evidence and argument establishing the Board's jurisdiction over her appeal. IAF, Tab 2 at 2-3. She informed the appellant that her appeal appeared to be outside the Board's jurisdiction because she was not an employee in the civil service, as required to meet the definition of an employee under 5 U.S.C. § 2105, which applies for all purposes of Title 5. IAF, Tab 2 at 2-3. The administrative judge subsequently issued an order advising the appellant that her appeal appeared to be untimely filed; setting forth the applicable timeliness requirements; directing the appellant to file evidence and argument to satisfy her burden of establishing that her appeal was timely filed, or that good cause existed for the delay; and also directing the agency to file any evidence in its possession relevant to the timeliness issue. IAF, Tab 3.

¶5    After receiving the parties' responses regarding timeliness and jurisdiction, the administrative judge issued an initial decision dismissing the appeal. IAF, Tab 9, Initial Decision (ID). She found that the Board lacks jurisdiction because the appellant was never an employee under 5 U.S.C. § 2105, in that her position with USPHSCC was not in the civil service. ID at 2-3. In light of the dismissal of the appeal on jurisdictional grounds, she made no findings regarding timeliness. ID at 1 n.1.

¶6    The appellant has filed a petition for review, to which the agency has responded.[3] Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant

---

[3] After the agency filed its response, the appellant submitted what appears to be a complete copy of the Board for Correction of USPHSCC Officer Records' file concerning her termination, consisting of over 800 pages. Petition for Review (PFR) File, Tab 4. She proffered no explanation as to its relevance. We recognize that the appellant is pro se, but we are not obligated to act as her advocate by poring through this voluminous submission to ascertain whether it may have any relevance. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002). We note, however, that the appellant submitted these documents to the administrative judge, who reviewed

appears to assert that she was never employed with USPHSCC because it "never got a release from the US Army for [her] commission." PFR File, Tab 1 at 2, 7. She also reargues the merits of the termination action. In particular, she disputes USPHSCC's allegations concerning her performance and conduct; discusses her work history and notes that she has an otherwise excellent record of service to the United States; recounts various incidents that occurred during her tenure with USPHSCC, which motivated her to contact the State Board regarding the scope of her practice; and requests that her record be expunged of all references to the termination action. *Id.* at 3-11.

¶7        Under 5 U.S.C. § 2105(a)(1), which applies for all purposes of Title 5 unless explicitly indicated otherwise, an individual must be appointed in the civil service in order to meet the definition of an employee, among other criteria. *Special Counsel ex rel. Hardy v. Department of Health & Human Services*, 117 M.S.P.R. 174, ¶ 6 (2011). USPHSCC is explicitly excluded from the definition of civil service. 5 U.S.C. § 2101(1), (3); *see Hardy*, 117 M.S.P.R. 174, ¶ 6. Thus, the appellant was not an employee under Title 5, and we lack jurisdiction to consider her termination appeal under 5 U.S.C. § 1221.[4] *See Hardy*, 117 M.S.P.R. 174, ¶¶ 6-7. We therefore affirm the administrative judge's dismissal of this case for lack of jurisdiction. Because we lack jurisdiction, we cannot reach the appellant's arguments regarding the merits of the termination action. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir.

them; included in the official record copies of the documents that appeared to relate to the Board's jurisdiction over this appeal; and returned the remaining documents, which she determined did not relate to matters relevant to this appeal, to the appellant. IAF, Tab 1 at 3, 7, Tab 4; *see* PFR File, Tab 4 at 1-3.

[4] The appellant's speculation that a procedural impropriety occurred when she was appointed to her position with USPHSCC does not establish Board jurisdiction. Furthermore, because the appellant was not appointed in the civil service, she was not an "employee" entitled to protection under the Whistleblower Protection Enhancement Act (WPEA) or the Whistleblower Protection Act. *See Hardy*, 117 M.S.P.R. 174, ¶¶ 6-7 (to be an "employee" under 5 U.S.C. § 1221(a), an individual must meet the definition of "employee" under 5 U.S.C. § 2105(a)).

2000) (the Board cannot consider issues presented by a petitioner if the Board lacks jurisdiction over the appeal).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under  5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

---

[5] The initial decision did not afford the appellant notice of appeal rights under the WPEA.  We have provided notice of such appeal rights herein.

both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.