# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

NATHAN L. WEISER,
>                     Appellant,

>           v.

DEPARTMENT OF LABOR,
>                     Agency.

DOCKET NUMBER
DC-0752-14-0240-I-1

DATE: August 25, 2015

# THIS ORDER IS NONPRECEDENTIAL[*]

David R. Schleicher, Esquire, Waco, Texas, for the appellant.

Michael J. Coster, Esquire, East Ely, Nevada, for the appellant.

Candyce Phoenix, Esquire and James V. Blair, Esquire, Washington, D.C.,
  for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his removal and denied corrective

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

action on his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM that portion of the initial decision pertaining to his USERRA claim, VACATE that portion of the initial decision dismissing his removal appeal for lack of jurisdiction, and REMAND the removal appeal for further jurisdictional proceedings.

¶2      The agency appointed the appellant to an excepted service GS-7 Information Technology Specialist position under the Pathways Program on March 10, 2013. Initial Appeal File (IAF), Tab 5 at 13. Following a joint agency/Office of Personnel Management audit that determined that the appellant did not meet the minimum qualification standards for his position, the agency removed him effective November 29, 2013. IAF, Tab 33 at 69. He appealed, but did not request a hearing.

¶3      The administrative judge found that the agency met its burden of production on the issue of whether the appellant's appointment was illegal, and she dismissed the removal portion of the appeal for lack of jurisdiction. Initial Decision (ID) at 2-8. She also denied corrective action in the appellant's USERRA claim. ID at 8-11.

¶4      The appellant based his USERRA claim on a theory of disparate treatment, and the administrative judge found that the comparators he identified were not similarly situated to the appellant and that the appellant was not entitled to corrective action. The administrative judge's analysis is correct and, because the appellant does not challenge her USERRA findings, we see no reason to revisit them. Accordingly, that portion of the initial decision denying corrective action under USERRA is affirmed.

¶5      The administrative judge dismissed the appellant's removal claim for lack of jurisdiction on the basis that the agency proved that the appellant was not minimally qualified for his position and therefore, the appointment was illegal.

Although the administrative judge explicitly found that the appellant's separation was properly seen as a removal, rather than a cancellation of an appointment, ID at 3-5, her analysis of the case relied on precedent applicable when an agency cancels a promotion and returns the employee to his prior position, ID at 5-7.

¶6        The Board has caselaw more directly on point that was applicable in the appellant's case, namely *Travaglini v. Department of Education*, 18 M.S.P.R. 127, 137-38 (1983), which established the rule that an employee who is removed from his position because his appointment was determined to be illegal still has chapter 75 rights, including the right to appeal to the Board *if* he otherwise has appeal rights unless "the appointment is made in violation of an absolute statutory prohibition so that the appointee is not qualified for appointment in the civil service; or . . . the appointee has committed fraud in regard to the appointment or has misrepresented or concealed a matter material to the appointment."  Another way of phrasing this test is:

> An appellant against whom an agency takes an action based on an allegedly unlawful appointment is not deprived of the procedural rights to which he would otherwise be entitled unless the appointment violates an absolute statutory prohibition so that the appointee is not qualified for appointment in the civil service.

*Keller v. Department of the Navy*, 69 M.S.P.R. 183, 187 (1996); *see Wallace v. Department of Commerce*, 106 M.S.P.R. 23, ¶ 9 (2007); *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 29 (2003); *Daneshpayeh v. Department of the Air Force*, 57 M.S.P.R. 672, 676 (1993), *aff'd*, 17 F.3d 1444 (Fed. Cir. 1994) (Table); *Torres v. Department of the Treasury*, 47 M.S.P.R. 421, 422 (1991).

¶7        Whether an appointment was actually illegal and rightfully terminated is not a matter of jurisdiction, as the administrative judge found.  It is instead the basis for the adverse action, the "charge" (albeit a nondisciplinary charge), that the agency must prove to prevail on the merits of the appeal.  The Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an

appeal. *Schmittling v. Department of the Army*, [219 F.3d 1332](), 1337 (Fed. Cir. 2000). The Board must satisfy itself that it has authority to adjudicate the matter before it and may raise the issue of its own jurisdiction at any time. *Metzenbaum v. General Services Administration*, [96 M.S.P.R. 104](), ¶ 15 (2004). We find that the administrative judge's jurisdictional analysis is problematic in several ways and that it is necessary to reconsider whether the Board has jurisdiction over this appeal.

¶8        First, the administrative judge made no explicit finding as to whether the appellant was an "employee" under [5 U.S.C. § 7511](a)(1). To the extent she relied on the agency's purported concession that the appellant was an "employee," IAF, Tab 5 at 6, whether the appellant was an "employee" is a legal determination for the Board to make and is not subject to stipulation or concession, *see Heath v. U.S. Postal Service*, [107 M.S.P.R. 366](), ¶ 6 (2007). To the extent that she may have implicitly found that the appellant was an "employee" with Board appeal rights because he had "well over a year" of service in the position from which he was removed, that finding is incorrect. The appellant was appointed on March 10, 2013, and terminated on November 29, 2013, considerably less than 1 year. *See* IAF, Tab 5 at 13, Tab 33 at 69.

¶9        At the outset, we note that section 7511(a)(1) sets forth three different definitions of the term "employee" for three different types of individuals. The first, subsection (a)(1)(A), applies only to the competitive service. The appellant's position was in the excepted service, so he is not an employee under subsection (a)(1)(A).

¶10       The second, subsection (a)(1)(B), applies to preference eligibles in the excepted service. The appellant has prior military service, IAF, Tab 43 at 25, but there has been no analysis as to whether his military service renders him "preference eligible" as defined in [5 U.S.C. § 2108](3). If it does not, then the only other way the appellant can establish that he is an "employee" is subsection (a)(1)(C), which applies to nonpreference eligibles in the excepted

service. Under either subsection (a)(1)(B) or (a)(1)(C), an individual is only an "employee" if he has a certain amount of current continuous service in the same or similar positions. "Current continuous service" means service immediately prior to the action at issue without a break in service of a work day. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 8 (2006).

¶11 The record contains no information concerning whether the appellant had a break in service. Furthermore, while the record reflects that the appellant's prior position was a GS-5 Customs and Border Control Officer Trainee, we know nothing else about the position. From the position titles alone, it seems highly unlikely that an Officer Trainee for Customs and Border Patrol performs the same or similar duties as an Information Technology Specialist, but it is not the position titles or even the position descriptions, but the actual duties performed that determine whether positions are the same or similar. *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 9 (2012).

¶12 There is insufficient evidence to permit the Board to resolve any of these open questions on the existing record. More importantly, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The administrative judge did not issue a notice either informing the appellant that he had the burden of showing he was an "employee" otherwise entitled to chapter 75 procedures or explaining to him how he could meet that burden. *See* IAF, Tabs 3, 6, 12, 15, 22-23, 25, 27, 28-30, 32. Because the appellant has not had an opportunity to prove that the Board has jurisdiction over this appeal, it is necessary to remand it.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall issue explicit notice informing the

appellant of his burden of proof and how to meet it. She shall further determine whether the appellant is a preference eligible, the length and nature of any break in service, and whether his former position is the same as or similar to the position from which he was removed, and she shall make a new jurisdictional determination. If she finds jurisdiction, she shall then address the merits of the appeal. If she finds no jurisdiction, then the appeal may be dismissed on that basis. The administrative judge should incorporate by reference her prior analysis and disposition of the appellant's USERRA claim in the new initial decision on the removal claim so that he will have a single decision with appropriate notice of appeal rights addressing both of his claims. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).


FOR THE BOARD:            _____
                                               William D. Spencer
                                               Clerk of the Board

Washington, D.C.