# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SKY E. ZALOUDIK,

            Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,

            Agency.

DOCKET NUMBER
DA-315H-16-0389-I-1

DATE: December 22, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sky E. Zaloudik</u>, Oklahoma City, Oklahoma, pro se.

<u>Preston L. Mitchell</u>, Esquire, Tinker Air Force Base, Oklahoma, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    On review, the appellant asserts that he has 8 years of combined service with the agency, with an approximate 1 ½-year break in service.  Petition for Review (PFR) File, Tab 1 at 2.  The administrative judge correctly found that, despite the appellant's prior service, the appellant failed to raise a nonfrivolous allegation that he was an "employee" with Board appeal rights under 5 U.S.C. chapter 75.  Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 3‑4.[2]  For an individual in the competitive service, such as the appellant, this means that he must either:   (1) not be serving a probationary period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A)(i), (ii).

¶3    The administrative judge properly found that the appellant failed to raise a nonfrivolous allegation that he satisfied the definition of an "employee" set forth in 5 U.S.C. § 7511(a)(1)(A)(i).  *See* ID at 3‑4.  It is undisputed that the appellant

---

[2] The administrative judge also found that the appellant failed to raise a nonfrivolous allegation of jurisdiction over his probationary termination under 5 C.F.R. §§ 315.805, 315.806.  ID at 4‑5.  The appellant does not challenge this finding on review, PFR File, Tabs 1, 4, and we discern no reason to disturb it.

was terminated from his November 30, 2015 appointment, which was subject to a 1‑year probationary period, approximately 6 months after he was appointed. IAF, Tab 5 at 17‑18, 24‑25.  An appellant who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if:  (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b).  However, although the appellant had prior service with the agency, the record reflects that his prior service ended with his resignation on August 8, 2014, more than 15 months before the November 30, 2015 appointment from which he was terminated.  IAF, Tab 5 at 27.  Thus, because the appellant's prior service did not immediately precede his probationary appointment, and there was a break in service of more than 30 days, his prior service does not count towards the completion of his probationary period.  *See Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b).

¶4        Alternatively, an appellant can show that, while he may be a probationer, he satisfies the definition of an "employee" in 5 U.S.C. § 7511(a)(1)(A)(ii), which requires that he have "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."  *Hurston*, 113 M.S.P.R. 34, ¶ 9.  The Board has held that, for competitive service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday.  *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *see* 5 C.F.R. § 752.402.  The appellant did not identify any other Federal service during the 15‑month period between his appointments with the agency, and during a telephonic status conference on July 20, 2016, he stated that there was

"at least a 2-month break in service" between the end of his last position with the Federal Government and his November 30, 2015 appointment.  IAF, Tab 8 at 1.  Thus, because the appellant did not allege that he completed 1 year of current continuous service at the time of his termination, the administrative judge correctly found that he failed to raise a nonfrivolous allegation that he was an employee within the definition set forth in 5 U.S.C. § 7511(a)(1)(A)(ii).  *See* ID at 4.

¶5      On review, the appellant also challenges the merits of the termination decision and asserts that he will be able to perform his duties successfully in the future as the result of his completion of an alcohol rehabilitation program.  PFR File, Tab 1 at 2, Tab 4 at 2‑3.  These arguments pertain to the merits of the termination decision, rather than the Board's jurisdiction over the appeal, and do not provide a basis to disturb the initial decision.  *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that a decision on the merits would be a nullity in the absence of Board jurisdiction); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal).

¶6      Accordingly, for the reasons discussed above, we deny the appellant's petition for review and affirm the initial decision dismissing his probationary termination appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.