Gregory A. SCHMITTLING, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 99–3228.

United States Court of Appeals, Federal Circuit.

July 13, 2000.

Kenneth W. Zatkoff, Dean & Fulkerson, P.C., of Troy, Michigan, argued for petitioner.

William K. Olivier, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief was Michael J. Walby, Attorney, Army Tank Automotive and Armaments Command, United States Army, of Warren, Michigan.

Before PLAGER, CLEVENGER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Gregory A. Schmittling petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his individual right of action ("IRA") appeal. The Board sustained the action of the Department of the Army ("Agency") abolishing Mr. Schmittling's GS–15 position of Chief, Automated Systems and Management Accounting Division (the "Accounting position"), with the Agency's Tank–Automotive and Armaments Command ("TACOM") in Warren, Michigan, and assigning him to the GS–15 position of Chief, Customer Management Division of TACOM (the "Customer position"), pursuant to a reduction-in-force ("RIF"). *Schmittling v. Department of the Army,* 81 M.S.P.R. 225 (1999) (*"Schmittling II"*). Mr. Schmittling alleged that the Agency intentionally blocked him from a RIF assignment to the position of Chief, Program and Budget Division of TACOM (the "Budget position"), due to his whistleblowing. Because the Board failed to address whether it had jurisdiction over Mr. Schmittling's IRA appeal, we vacate its denial of the appeal and remand the case for a determination of the jurisdictional issue.

BACKGROUND

I.

Mr. Schmittling was appointed to the Accounting position in May of 1994. While

in the Accounting position and before the announcement in 1995 of the Agency's RIF, Mr. Schmittling undertook two "unilateral actions" relating to TACOM's financial processes. During the same period, Mr. Schmittling also made three disclosures concerning the matters that led to his two unilateral actions.[1]

Mr. Schmittling's first unilateral action occurred on September 27, 1994. At that time, Mr. Schmittling instructed the Defense Finance and Accounting Service ("DFAS") to not run the Base Operations Reimbursement ("BOR") process as of October 1, 1994, the beginning of a new fiscal year.[2] Mr. Schmittling believed that running the BOR process was unauthorized and created a potential Anti–Deficiency Act ("ADA")[3] violation. Mr. Schmittling's then first and second-level supervisors, Robert Kaspari and Douglas Newberry, respectively, rescinded the instruction on September 28, 1994. Then, on March 8, 1995, Mr. Schmittling made his first protected disclosure—a complaint with TACOM's Commanding General regarding TACOM's BOR practices.

On March 21, 1995, Mr. Schmittling engaged in his second unilateral action. He did so when he instructed DFAS to terminate the processing of the Agency's Research, Development, Test and Evaluation ("RDTE") cost transfers. This instruction was countermanded on March 22, 1995 by Mr. Schmittling's then first-level supervisor, Silvio P. LaMarra. Mr. Schmittling made his second protected disclosure on May 2, 1995—a complaint with the Department of Defense ("DOD") Hotline concerning both the BOR and RDTE matters. Mr. Schmittling made his third protected disclosure on June 7, 1995, when he submitted a memorandum to Anthony Gianfermi, his then acting second-level supervisor, and Mr. LaMarra, claiming an ADA violation based on TACOM's practice of charging its customers for reimbursable costs incurred in the execution of customer orders.

## II.

On August 1, 1995, the Agency announced plans to conduct a RIF. Shortly thereafter, Mr. Schmittling recommended that his position be abolished. On September 17, 1995, Mr. LaMarra, who had occupied the Customer position, was transferred to the Budget position. Eventually, Mr. Schmittling's Accounting position was abolished, and he was reassigned to the Customer position effective July 20, 1996, both actions being taken pursuant to the RIF.

The decision to reassign Mr. LaMarra was made by Mr. Kaspari, Mr. Newberry, Mr. Gianfermi, and Mr. LaMarra. The parties stipulated that one of the reasons the Agency reassigned Mr. LaMarra to the vacant Budget position prior to the RIF was to prevent Mr. Schmittling from being moved into the Budget position. *See Schmittling II,* 81 M.S.P.R. at 227–28. The Agency stated that this maneuver was taken due to its disagreement with Mr. Schmittling over the Agency's financial practices. *See id.* The parties also stipulated that Mr. Newberry, Mr. Gianfermi, and Mr. LaMarra all were aware of Mr. Schmittling's protected disclosures before Mr. LaMarra was reassigned. *See id.* at 228.

## III.

Mr. Schmittling sought corrective action from the Office of Special Counsel

---

**1.** Before the Board, both Mr. Schmittling and the Agency stipulated that these disclosures were protected disclosures under 5 U.S.C. § 2302(b)(8). *See Schmittling v. Department of the Army,* No. CH–1221–96–0362–W–2, slip op. at 10 (Nov. 19, 1997) (initial decision) (*"Schmittling I "*). (All statutory references are to the 1994 version of the United States Code. All regulatory references are to the 1999 version of the Code of Federal Regulations.)

**2.** The BOR was a computerized process that TACOM used to charge its overhead costs to its reimbursable customers.

**3.** *See* 31 U.S.C. § 1341.

("OSC"), alleging that the Agency had reassigned Mr. LaMarra to the Budget position in order to block his reassignment to that position during the RIF because of Mr. Schmittling's three protected disclosures. On June 21, 1996, OSC closed its investigation in the matter, thereby clearing the way for Mr. Schmittling to file an IRA appeal with the Board.

Before the Board, the Agency moved to dismiss Mr. Schmittling's appeal for lack of jurisdiction. *See Schmittling I*, slip op. at 9. However, the administrative judge ("AJ") to whom the case was assigned determined that the Board had jurisdiction because, although "the [A]gency had a legitimate reason for effecting a RIF," Mr. Schmittling had made non-frivolous allegations that the Agency's actions surrounding the RIF made the "RIF's effect ... personal to [Mr. Schmittling] and thus in the nature of an adverse action." *Id.* (citing *Carter v. Department of the Army*, 62 M.S.P.R. 393, 399 (1994), and *Moran v. Department of the Air Force*, 64 M.S.P.R. 77, 87 (1994)). The AJ then addressed the merits, concluding that the Agency had failed to prove by clear and convincing evidence that, in the circumstances of the RIF, it would have taken the actions it did absent Mr. Schmittling's protected disclosures. *See Schmittling I*, slip op. at 11–14. Therefore, the AJ ordered corrective action in favor of Mr. Schmittling, ordering the Agency to cancel Mr. LaMarra's reassignment, cancel Mr. Schmittling's reassignment, and allow Mr. Schmittling to select an appropriate, vacant GS–15 position. *See id.* at 14–15. The AJ also ordered the Agency to award Mr. Schmittling the appropriate amount of back pay. *See id.* at 15.

The Agency petitioned the Board for review, raising again its challenge to the Board's jurisdiction. *See Schmittling II*, 81 M.S.P.R. at 228. The Agency argued that the Board lacked jurisdiction because 5 U.S.C. § 1221(a), the statute that vests the Board with jurisdiction over IRA appeals, requires that the alleged retaliatory personnel action have been taken against the whistleblower, while Mr. Schmittling was appealing a personnel action that was taken with respect to Mr. LaMarra, not against Mr. Schmittling. *See Schmittling II*, 81 M.S.P.R. at 228. The Board, however, "assume[d] for purposes of argument that it [had] jurisdiction over [Mr. Schmittling's] IRA appeal in order to reject [his] claim on its merits." *Id.* After overturning the AJ's credibility determinations, *see id.* at 230–36, the Board found clear and convincing evidence that, because of Mr. Schmittling's two unilateral actions and his general disagreement with TACOM's budgetary policy, the Agency would have moved Mr. LaMarra in order to block Mr. Schmittling's RIF assignment to the Budget position absent Mr. Schmittling's protected disclosures, *see id.* at 236–39. Vice Chair Slavet dissented, stating that the Board should have addressed the jurisdictional issue because Mr. Schmittling's jurisdictional theory "present[ed] a question of first impression" that was not clearly supported by statute. *Id.* at 239–40 (Slavet, V.C., dissenting). Vice Chair Slavet also took the position that the case should be remanded to the AJ for explicit credibility determinations based on the factors laid out in *Hillen v. Department of the Army*, 35 M.S.P.R. 453 (1987). *See id.* at 240–41.

Mr. Schmittling appeals the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

 Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984). Jurisdiction is a question of law; we thus review anew whether the Board had jurisdiction to decide a specific appeal.

*See Herman v. Department of Justice,* 193 F.3d 1375, 1378 (Fed.Cir.1999). The burden of establishing jurisdiction rests on the petitioner, *see* 5 C.F.R. § 1201.56(a)(2)(i), who must make a non-frivolous allegation of facts sufficient to establish jurisdiction, *see Lourens v. Merit Sys. Protection Bd.,* 193 F.3d 1369, 1371 (Fed.Cir.1999).

■■ The jurisdiction of the Board is not plenary. *See Serrao v. Merit Sys. Protection Bd.,* 95 F.3d 1569, 1573 (Fed. Cir.1996). Rather it is "limited to those matters specifically entrusted to it by statute or regulation." *Id.; see also* 5 U.S.C. § 7701(a)(1). IRA appeals are governed by 5 U.S.C. § 1221 which states in subpart (a) that "an employee ... may, with respect to any personnel action taken, or proposed to be taken, against such employee ... as a result of a prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board." *See* 5 U.S.C. § 1221(a). In an IRA appeal, "a petitioner must first establish Board jurisdiction by making non-frivolous allegations that: (1) the petitioner engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) based on the protected disclosure, the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Willis v. Department of Agric.,* 141 F.3d 1139, 1142 (Fed.Cir.1998). A petitioner also must establish that "(3) he sought corrective action from OSC; and (4) he exhausted corrective action proceedings before OSC." *Serrao,* 95 F.3d at 1569; *see also* 5 U.S.C. § 1214(a)(3); *Willis,* 141 F.3d at 1142; *King v. Department of Health & Human Servs.,* 133 F.3d 1450, 1452 (Fed.Cir.1998).

■ The Board did not consider whether it had jurisdiction over Mr. Schmittling's IRA appeal. Rather, it simply "assume[d] for purposes of argument that it [had] jurisdiction over [Mr. Schmittling's] IRA appeal in order to reject [his] whistleblower reprisal claim on its merits." *Schmittling II,* 81 M.S.P.R. at 228. With this assumption, the Board dismissed Mr. Schmittling's IRA appeal because the

Agency had "met its burden of showing by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures." *Id.* at 229. In concluding that it could assume jurisdiction, the Board cited *Niswonger v. Department of the Air Force,* 64 M.S.P.R. 665 (1994) (citing *Clark v. Department of the Army,* 997 F.2d 1466 (Fed. Cir.1993), *superseded by statute on other grounds by* 5 U.S.C. §§ 1221(e)(1)(A), (B)). *See Schmittling II,* 81 M.S.P.R. at 228. We believe that the Board erred in its approach.

In *Clark,* we allowed the Board to assume the first jurisdictional requirement—whether the employee's disclosure was protected—if the Board found that the petitioner was unable to prove the second jurisdictional requirement—that the agency took or failed to take a personnel action because of the protected disclosure. *See Clark,* 997 F.2d at 1470–71. We held that it was not error for the Board to skip the first inquiry because, since the Board concluded that Clark's IRA appeal failed to meet the second jurisdictional requirement, addressing the first requirement would be both unnecessary and possibly wasteful. *See id.*

In contrast, the Board in this case assumed Mr. Schmittling's IRA appeal met *all* of the jurisdictional requirements. The Board then proceeded to address the merits of the appeal, determining whether the Agency had proved, by clear and convincing evidence, that it would have taken the same prohibited personnel action in the absence of Mr. Schmittling's protected disclosure—a defense to an IRA appeal. *See Schmittling II,* 81 M.S.P.R. at 229 (citing 5 U.S.C. § 1221(e)(2)). Therefore, unlike *Clark,* the Board completely bypassed the question of its jurisdiction over Mr. Schmittling's appeal. This was done in the face of the Agency's opposition to the Board's jurisdiction. *See Schmittling II,* 81 M.S.P.R. at 228. Our holding in *Clark* supports the proposition that the Board may assume certain jurisdictional require-

ments are met if it ultimately concludes that at least one element is not met. However, *Clark* does not stand for the proposition that the Board may assume all jurisdictional elements are met in order to consider an IRA appeal on the merits. In cases such as *Clark*, determining whether each jurisdictional element is met is "unnecessary, and probably wasteful." *Clark*, 997 F.2d at 1470. However, before addressing the merits of an IRA appeal, the Board first must determine whether all its jurisdictional requirements have been met.

 If it lacks jurisdiction, the Board is without authority to decide the issues presented by a petitioner. "The [Board] has only the jurisdiction conferred on it by Congress." *Thomas v. United States*, 709 F.2d 48, 49 (Fed.Cir.1983). This jurisdiction, provided by statute, creates "the power of the [Board] to hear and decide a case," *i.e.*, the Board's "subject matter jurisdiction." *Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686 (Fed.Cir.1992). Without jurisdiction, the Board's decision on the merits of a petition is a nullity. *See King v. Reid*, 59 F.3d 1215, 1217 (Fed.Cir. 1995) ("[T]he [B]oard's power to adjudicate an action is restricted to matters where its jurisdiction is specifically provided by law, rule, or regulation."); *see also Chertkov v. Office of Personnel Management*, 52 F.3d 961, 966 (Fed.Cir.1995). Moreover, in a case such as this, brought under 5 U.S.C. § 7701, "the scope of the subject matter jurisdiction of this court is identical to the scope of the jurisdiction of the [B]oard." *Rosano v. Department of the Navy*, 699 F.2d 1315, 1318 (Fed.Cir.1983); *see also Maddox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985). If the Board lacks jurisdiction, we also are without authority to hear the merits of the appeal. *See Manning v. Merit Sys. Protection Bd.*, 742 F.2d 1424, 1427 (Fed.Cir.1984) (indicating that "[i]f the [Board] does not have jurisdiction, then neither do we, except to the extent that we always have the inherent power to determine our own jurisdiction"). Thus, without jurisdiction, neither the Board nor this court is empowered to decide the merits of a case.

## CONCLUSION

The Board improperly assumed it had jurisdiction over Mr. Schmittling's IRA appeal. The Board should have addressed the matter of its jurisdiction before proceeding to the merits of the appeal. Accordingly, the decision of the Board denying Mr. Schmittling's appeal is vacated. The case is remanded to the Board for further proceedings consistent with this opinion.

VACATED and REMANDED

Each party shall bear its own costs.