Henry GRIMES, Petitioner,

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3024.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 10, 2003.

Before MAYER, Chief Judge, LINN, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Henry Grimes appeals from the March 19, 2002 decision of the Merit Systems Protection Board, Docket No. AT–0752–02–0113–I–1, which dismissed his appeal for lack of jurisdiction. Because the Board properly dismissed his appeal, we *affirm.*

Grimes retired from the Postal Service on December 14, 1999. When he retired, he was over the age of 60 and had a total of 29 years, 10 months, and 26 days of combined civilian and military service. He was accordingly eligible for immediate retirement. *See* 5 U.S.C. § 8336(b) (2000) ("An employee who is separated from the service after becoming 60 years of age and completing 20 years of service is entitled to an annuity."). Grimes alleged that his working conditions became more difficult beginning approximately six months prior to his retirement. Specifically, he alleged that a series of warning letters were issued to him relating to attendance problems. Two of these were withdrawn after a grievance was filed. Grimes also alleged that his supervisor had called him into his office to discuss his attendance and conduct, had raised his voice to Grimes before other coworkers, and had stated to a union representative that he "was going to try something new on . . . Grimes and fire him before his retirement date." Grimes further alleged that he had been forbidden to use a particular parking lot although other employees were allowed to park there, and that a supervisor had hidden Grimes's helmet and keys during lunch as a joke. Grimes argued that these incidents constituted a "deliberate pattern of harassment and coercion" and created an intolerable work environment. Grimes claimed that this environment made his resignation involuntary.

In an initial decision, the Administrative Judge ("AJ") dismissed Grimes's appeal for lack of jurisdiction, holding that he failed to establish a prima facie case of involuntary retirement. The AJ concluded that Grimes simply chose between unpleasant alternatives and that his allegations and evidence did not show that his decision to retire was coerced or based on misinformation. *Grimes,* No. AT–0752–02–0113–I–1, slip op. at 5. Finding no non-frivolous factual issues as to whether Grimes could establish that his retirement was involuntary, the AJ denied him an administrative hearing. The AJ's initial decision became the Board's final decision when the full Board denied Grimes's petition for review. *See* 5 C.F.R. § 1201.113(b) (2003). Grimes timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

The jurisdiction of the Board is not plenary. Rather, it is limited to those matters specifically entrusted to it by law, rule, or regulation. *See* 5 U.S.C. § 7701(a) (2000); *Schmittling v. Dep't of the Army,* 219 F.3d 1332, 1336 (Fed.Cir.2000). A voluntary resignation is not an action that is statutorily appealable. However, if shown to be involuntary, retirements and resignations are treated as constructive removals and are thus within the Board's jurisdiction. *See Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1340–41 (Fed.Cir.2001). A petitioner has the burden of establishing Board jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2) (2003); *Serrao v. Merit Sys. Prot. Bd.,* 95 F.3d 1569, 1573 (Fed.Cir.1996). Jurisdiction is a question of law that we review de novo. *Serrao,* 95 F.3d at 1573.

We must affirm the decision to dismiss Grimes's appeal unless he establishes that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Schmittling*, 219 F.3d at 1335.

Grimes argues that the Board recognized that he was in an unpleasant work environment and that such a finding "establishes circumstances sufficient for the Board to have accepted jurisdiction." Grimes challenges the Board's finding that he failed to present a nonfrivolous allegation of coercion or duress, relying inter alia on *Schultz v. United States Navy*, 810 F.2d 1133 (Fed.Cir.1987). These arguments lack merit.

Because employee resignations and retirements are presumed to be voluntary and former employees thus bear the burden of pleading and proving involuntariness, *see Middleton v. Dep't of Def.*, 185 F.3d 1374, 1379 (Fed.Cir.1999), in order to be entitled to an evidentiary hearing before the Board on the question of jurisdiction, an employee must allege facts that, if proven, could make out a prima facie case of involuntariness. *Id.* We have followed a three-part test for determining when coercion or duress may be found to vitiate an apparently voluntary resignation. Coercion is shown by evidence establishing: "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Id.* (quoting *Christie v. United States*, 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975)). "This test is an objective, rather than subjective one; an employee's subjective feelings are irrelevant. The employee must present allegations of fact which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning." *Id.*

The administrative record here reveals that the AJ stated the proper legal test and correctly applied it to his factual findings, which are supported by substantial record evidence. Grimes has not alleged any facts showing that he retired involuntarily due to coercion or duress; specifically, he has not alleged that "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." *Shoaf*, 260 F.3d at 1341. Grimes has not alleged that the agency took steps against him without any legitimate purpose, simply to force him to quit; indeed, he does not allege that the charges of unsatisfactory attendance set forth in the letter of warning remaining in his file when he retired were unsubstantiated. *See Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996). Nor has Grimes alleged that he was induced to resign based on agency misinformation or deception. *See Middleton*, 185 F.3d at 1381–82. In *Schultz*, the case on which Grimes relies to show that his work circumstances gave him no alternative but to resign, the agency demanded that the employee either resign or face an adverse action based on an unsubstantiated AWOL charge. *Schultz*, 810 F.2d at 1136. Here, the agency made no such unsubstantiated charge, nor did it demand that Grimes resign.

At most, Grimes alleges that he faced a hostile work environment. However, such an environment does not rise to the level of coercion and thus does not make his retirement involuntary. *See Staats*, 99

F.3d at 1124. Nor does it justify a jurisdictional hearing. A hearing is required only if a petitioner makes a nonfrivolous allegation that, if proven, would establish Board jurisdiction. *See id.* at 1125. Substantial evidence supports the Board's decision that Grimes did not make such an allegation.

The AJ's decision to dismiss Grimes's appeal was not otherwise arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law, rule, or regulation having been followed. Accordingly, the Board's decision dismissing Grimes's appeal for lack of jurisdiction is affirmed.