# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL R. GEORGE, | DOCKET NUMBER |
| Appellant, | NY-0845-16-0293-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: July 7, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael R. George, Elmira, New York, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a reconsideration decision of the Office of Personnel Management (OPM) for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        OPM approved the appellant's disability retirement application under the Federal Employees' Retirement System (FERS), effective October 2000.  Initial Appeal File (IAF), Tab 1 at 12.  Years later, OPM determined that his annuity should have been reduced due to an award of Social Security disability benefits. *Id.*  As a result, OPM also determined that the appellant was overpaid $61,289 between April 2001, and November 2014.  *Id.*  The appellant requested reconsideration of OPM's decision in December 2014.  *Id.*  In a July 2016 reconsideration decision, OPM affirmed its initial decision.  *Id.* at 12-13, 16-17.

¶3        The appellant filed the instant appeal, challenging OPM's reconsideration decision.  *Id.* at 1-8.  In September 2016, OPM filed a motion to dismiss on the basis that it had rescinded that decision.  IAF, Tab 7 at 4.  OPM explained that it would issue a new reconsideration decision after the instant appeal was dismissed and final.  *Id.*  After holding a status conference with the appellant, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  OPM has filed a response. PFR File, Tab 5.

¶4    If OPM completely rescinds its final decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue. *Campbell v. Office of Personnel Management*, [123 M.S.P.R. 240](), ¶ 7 (2016). A complete rescission requires OPM to return the individual to the status quo ante. *Id.* Thus, to rescind a final overpayment decision such as the one at issue in the instant appeal, OPM must refund any money that it already collected from the appellant to recoup the alleged overpayment. *Id.*, ¶ 8.

¶5    On review, the appellant suggests that OPM did not return money previously withheld, which calls into question whether OPM completely rescinded its reconsideration decision and divested the Board of jurisdiction over this appeal. PFR File, Tab 1 at 1. Because the record did not contain any evidence on this matter, we issued an order directing OPM to present argument and evidence of any payments withheld and returned to the appellant pursuant to its prior reconsideration decision. PFR File, Tab 6. OPM responded, showing that it withheld a total of $300 between October 2016, and January 2017, but returned the same amount in February 2017. PFR File, Tab 7 at 4, 6. We note those dates because it is now apparent that OPM sought and received a dismissal of the instant appeal on the basis of complete rescission, then began withholding money from the appellant as if rescission did not occur, then returned that money while the appellant's petition for review was pending.

¶6    Although OPM has not explained what appear to be untimely or otherwise improper withholdings, the record suggests that OPM has now returned the appellant to the status quo ante. We provided the appellant an opportunity to present argument or evidence to the contrary, but he has not done so. PFR File, Tab 6 at 3. Accordingly, we find that the Board lacks jurisdiction over this appeal because OPM has completely rescinded its July 2016 reconsideration

decision.[2]  *Campbell*, 123 M.S.P.R. 240, ¶¶ 7-8.  Once OPM issues a new reconsideration decision concerning his FERS disability annuity, the appellant may file a new appeal with the Board if he is still dissatisfied.  *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] In his petition, the appellant suggests that he did not agree to dismissal of his appeal, despite the administrative judge's representations to the contrary.  PFR File, Tab 1 at 1; ID at 2.  However, the prehearing conference recording demonstrates that the appellant expressed no objection to OPM's motion to dismiss.  IAF, Tab 8, Prehearing Conference Compact Disc.  More importantly, the Board's jurisdictional limitations are controlling, even if the appellant preferred that his appeal not be dismissed.  *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (recognizing that, without jurisdiction, the Board lacks the authority to decide the merits of a case); *see also Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013) (recognizing that an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                         _____
                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.