**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HENRY SEARCY, JR., <br>               Appellant, | DOCKET NUMBER <br> DC-1221-21-0555-W-1 |
|      v. | |
| DEPARTMENT OF AGRICULTURE, <br>             Agency. | DATE: August 11, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Henry Searcy, Jr., Bowie, Maryland, pro se.

Stephanie J. Mitchell, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal without prejudice to refiling. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND this matter to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2    On December 27, 2021, the administrative judge issued an initial decision dismissing this matter without prejudice to refiling because of a significant overlap of issues between this matter and another IRA appeal previously filed by the appellant, i.e., *Searcy v. Department of Agriculture*, MSPB Docket No. DC-1221-20-0455-W-1 (*Searcy* I).  Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 1-2.[2]  In so doing, the administrative judge explained that the instant appeal would be automatically refiled "180 days from the date of [the initial] decision, or within 30 days of the Board's issuance of its decision in *Searcy* I, whichever date occurs first."  ID at 2-3.  The appellant thereafter filed a petition for review of the initial decision wherein he largely argues the merits of his IRA appeal(s).[3]  Petition for Review File, Tab 1.

¶3    To the extent the appellant argues that the administrative judge abused his discretion in dismissing this matter without prejudice, we disagree; indeed, there is a significant overlap of issues between this matter and *Searcy* I.  *See Wheeler v. Department of Defense*, 113 M.S.P.R. 519, ¶ 7 (2010) (concluding that the administrative judge did not abuse his discretion in dismissing an appeal without prejudice when the matter shared a common issue with another Board appeal); *see also Brigham v. Office of Personnel Management*, 110 M.S.P.R. 108, ¶ 8 (2008) (stating that the Board may dismiss an appeal without prejudice to refiling in order to avoid a lengthy or indefinite continuance).  To the extent he argues the merits of his appeal, his arguments are misplaced; indeed, the administrative

---

[2] Prior to issuing the initial decision, the administrative judge telephoned both parties, left voicemails explaining that it appeared that he should dismiss the matter without prejudice due to the overlap of issues, and requested that both parties return his call.  IAF, Tab 14 at 1.  Neither party did so.  *Id.*  Approximately 3 weeks later, the administrative judge issued an order explaining that he intended to dismiss the matter without prejudice and providing the parties with 5 days to object.  *Id.* at 1-2.  Neither party objected or otherwise responded to the order.

[3] Because the appellant's petition for review ostensibly challenged the administrative judge's dismissal of the instant matter without prejudice, the matter was not automatically redocketed with the administrative judge 180 days following the issuance of the December 27, 2021 initial decision.  ID at 2-3.

judge did not issue a finding regarding Board jurisdiction over the instant appeal. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (explaining that the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal).

¶4    Of note, the Board has issued its decision in *Searcy* I, i.e., one of the conditions that the administrative judge indicated would trigger the refiling of this matter. ID at 2-3. However, as stated, the administrative judge has yet to issue a jurisdictional finding for the instant appeal. Accordingly, we find it appropriate to remand this case for a jurisdictional determination and, if appropriate, adjudication of the merits. *See Wheeler*, 113 M.S.P.R. 519, ¶ 7 (remanding an appeal that had been dismissed without prejudice because it shared a common issue with a prior appeal filed by the same appellant because the Board had since issued a final decision in the prior appeal). On remand, the regional office may elect to join the appellant's two IRA appeals. *See* 5 C.F.R. § 1201.36.

## ORDER

¶5    For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.