**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHELLY K. SWAIN,
               Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
PH-0843-21-0162-I-1

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shelly K. Swain</u>, Martinsburg, West Virginia, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which dismissed the appeal of the reconsideration decision issued by the Office of Personnel Management (OPM) finding that the appellant was overpaid in survivor annuity benefits under the Federal Employees' Retirement System (FERS). For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the petition for review, VACATE the initial decision, DISMISS the appeal for lack of jurisdiction, and DENY the cross petition for review.

## BACKGROUND

The appellant filed a Board appeal of OPM's reconsideration decision, which found that she had been overpaid FERS survivor annuity benefits because of a Qualified Domestic Relations Order which awarded 50% of her late husband's gross monthly annuity to his former spouse. Initial Appeal File (IAF), Tab 1 at 5. During the processing of the appeal, the agency rescinded the reconsideration decision, and requested that the appeal be dismissed. IAF, Tab 5 at 4. The administrative judge issued an initial decision dismissing the appeal on the grounds of mootness, explaining that, because the appellant had received all the relief sought in her appeal, the appeal was moot.[2] IAF, Tab 6, Initial Decision (ID) at 1-2.

The agency filed a petition for review, arguing that the appeal should have been dismissed because of lack of jurisdiction and requesting that the initial decision be vacated. Petition for Review (PFR) File, Tab 1 at 6-8. The appellant filed a cross petition for review, arguing the merits of her case. PFR File, Tab 5 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appeal should have been dismissed for lack of jurisdiction. The Board has jurisdiction over determinations affecting an individual's rights or interests under FERS after OPM has issued a reconsideration decision. 5 U.S.C. § 8461(e)(1); *Okello v. Office of Personnel Management,* 120 M.S.P.R. 498, ¶¶ 13-14 (2014); 5 C.F.R. § 841.308. If OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that

---

[2] The administrative judge stated that the agency requested the appeal be dismissed as moot. ID at 1-2. This was a mischaracterization of the agency's request; the agency requested that the appeal be dismissed for lack of jurisdiction. IAF, Tab 5 at 4.

reconsideration decision was at issue, and the appeal must be dismissed for lack of jurisdiction. *Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006).

In the initial decision, the administrative judge relied on *Jones v. Office of Personnel Management*, 52 M.S.P.R. 195, 197 (1992), in which the Board dismissed the appeal as moot because OPM rescinded the reconsideration decision and found that the appellant was entitled to the annuity he sought. ID at 2. Here, OPM has not indicated whether the appellant will be successful in her claim regarding the overpayment, only stating that the case would undergo "further development," and that, if applicable, it would issue a new final decision with Board appeal rights. IAF, Tab 1 at 5. Accordingly, because OPM has not made a decision on whether the appellant was entitled to the relief she sought, the appeal has not been rendered moot. *See Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016) (stating that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case).

Thus, because the administrative judge erred in dismissing the appeal on the grounds of mootness, we vacate the initial decision and dismiss the appeal for lack of jurisdiction. Because we do not have jurisdiction over the appeal, we cannot address the merits of the appellant's case, and thus we deny the appellant's cross petition for review. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that the Board cannot address any merit-based claims unless jurisdiction is established). However, upon receipt of a new reconsideration decision from OPM, the appellant may file another appeal with the appropriate regional office consistent with the Board's regulations.[3]

---

[3] Upon receipt of any such appeal, the administrative judge should consider whether it would be appropriate to notify the former spouse, Virginia, of the appeal and afford her the opportunity to intervene, as the outcome of the appeal may affect her rights. *See* 5 C.F.R. § 1201.34 (the Board's regulation governing intervenors); *Painter v. Office of Personnel Management*, 106 M.S.P.R. 385, ¶¶ 10-11 (2007) (ordering that the deceased's children be afforded an opportunity to intervene in the appeal because the

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

outcome may directly affect them).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.