**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WARREN W. DEWEY,
           Appellant,

      v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
DE-1221-24-0166-W-1

DATE: February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Janice Jackson</u>, Leavenworth, Kansas, for the appellant.

<u>Autumn Marie Hayes</u>, Fort Leavenworth, Kansas, for the agency.

<u>Kristine Hale Bell</u>, Fort Eustis, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. On

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, the appellant predominantly reiterates his arguments from below that he made a protected disclosure when he declined to start Secure Internet Protocol Room duties at his supervisor's request due to an alleged lack of training and the repercussions it could have on national security. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct the characterization of the covered personnel action at issue in this appeal, we AFFIRM the initial decision.

The administrative judge stated that the sole personnel action at issue was the appellant's demotion but did not analyze this action further because he found that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity within the scope of the Board's IRA jurisdiction. Initial Appeal File (IAF), Tab 10, Initial Decision at 1, 3-6. We clarify here that the covered personnel action at issue is not a demotion but a "decision concerning pay, benefits, or awards" under 5 U.S.C. § 2302(a)(2)(A) (ix).

The Board has chapter 75 jurisdiction over reductions in grade and pay. 5 U.S.C. §§ 7512(3)-(4), 7513(d). However, when, as here, a reclassification of an employee results in a reduction in pay and grade and the employee has

received retained pay and grade, the employee has no chapter 75 appeal rights to the Board. *Broderick v. Department of the Treasury*, 52 M.S.P.R. 254, 258 (1992). The appellant asserted below that he was subject to a demotion. IAF, Tab 1 at 4, Tab 7 at 5. However, his position was in fact reclassified from a GS-13 to a GS-12 and, under the agency's pay retention policy, he was to retain his GS-13 salary for 2 years. IAF, Tab 9 at 58-60.

In an initial decision issued on May 10, 2023, an administrative judge previously found that the appellant did not suffer a chapter 75 "demotion" but rather the appellant's position was "downgraded following a reclassification where grade and pay retention were provided." *Dewey v. Department of the Army*, MSPB Docket No. DE-3443-23-0190-I-1, Initial Decision (0190 ID) at 3-5 (May 10, 2023). Neither party filed a petition for review and the initial decision is now the final decision of the Board on this issue. 0190 ID at 8; *see* 5 C.F.R. § 1201.113.

While a reduction in grade with retention of pay and benefits under chapter 75 is not appealable, in an IRA appeal this can qualify as a personnel action. The Board has previously held that an agency's refusal to reclassify a position at a higher grade level, when the duties of the position warrant a higher classification, constitutes a "decision concerning pay" under 5 U.S.C. § 2302(a)(2)(A)(ix) and is a personnel action. *Briley v. National Archives and Records Administration*, 71 M.S.P.R. 211, 221-22 (1996). Thus, we find that the appellant has nonfrivolously alleged that he was subject to "a decision concerning pay, benefits, or awards" that qualified as a personnel action when his position was reclassified. In any event, because we agree with the administrative judge's determination that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in a protected activity within the scope of the Board's IRA jurisdiction, we affirm the administrative judge's determination. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (explaining that, in an IRA appeal, the Board may find it lacks jurisdiction

based on an appellant's failure to meet any one of the jurisdictional prerequisites).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.