# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JORDAN GRIFFIN,
          Appellant,

       v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-21-0571-I-1

DATE: July 28, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Camacho</u>, Marine Corps Base Hawaii, Kaneohe Bay, Hawaii, for the appellant.

<u>Steven K. Forjohn</u>, Esquire, Marine Corps Base Hawaii, Kaneohe Bay, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant asserts that he does not have a copy of the agency's "unredacted file." Petition for Review (PFR) File, Tab 1 at 4.[2] The appellant, however, does not explain how the agency's file or redactions therefrom pertain to the Board's jurisdiction, if at all. Thus, his assertion does not warrant a different outcome. *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (explaining that, when an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction).

---

[2] Specifically, the appellant states as follows: "I have not yet received the file they originally gave me an unredacted file and then threatened me with criminal and civil charges along with debarring me from base." PFR File, Tab 1 at 4 (grammar as in original). To the extent the appellant, through this statement, raises claims regarding his debarment, file redactions, or threatened charges, we discern no basis for Board jurisdiction over the same. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

¶3        The appellant makes several arguments that seemingly pertain to the merits of the agency's removal action. PFR File, Tab 1 at 4, 7. For example, he asserts that he "did not receive any training for [his] position" and that he received performance-based awards from the agency. *Id.* at 7. Because the Board lacks jurisdiction over the matter, we cannot consider these arguments. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (explaining that the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal).

¶4        For the first time on review, the appellant asserts that both he and his nonattorney representative experienced difficulties accessing documents in e-Appeal Online. PFR File, Tab 1 at 3. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). In any event, we find this vague assertion unavailing. As a registered e-filer, the appellant consented to accept all documents issued by the Board in electronic form and to monitor case activity at the Repository at e-Appeal Online to ensure that he had received all case-related documents. Initial Appeal File (IAF), Tab 1 at 2; *see* 5 C.F.R. § 1201.14(j)(3). The appellant provides no clear explanation as to why he was unable to access documents via the e-Appeal Online Repository or why, after realizing that he was apparently unable to access documents, he did not alert the Board to the issue or otherwise seek technical assistance.[3] Thus, the appellant's vague assertion is

---

[3] When Board documents are issued, email messages are sent to e-filers to notify them of the issuance. 5 C.F.R. § 1201.14(j)(1). These messages contain links to the Repository where the documents can be viewed and downloaded. *Id.* There is no record of either the appellant or his nonattorney representative ever contacting the Board with any technical problems. In any event, the appellant filed his petition for review challenging the initial decision on the same day that it was issued; thus, he was apparently able to access the administrative judge's decision without issue. PFR File, Tab 1; IAF, Tab 5, Initial Decision (ID) at 1; Tab 6 at 1. The initial decision provided

unavailing. To the extent the appellant faults his nonattorney representative for any purported technical difficulties, his assertion is similarly unavailing. *See Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987) (explaining that the Board has long held that appellants are responsible for the actions and inactions of their chosen representatives).

¶5 Last, with his petition for review, the appellant provides a copy of a September 23, 2021 letter debarring him from entering Marine Corps Base Hawaii. PFR File, Tab 1 at 6. The appellant provides no explanation as to why he did not provide this letter, which predates the initial decision, to the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d). In any event, the letter is not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶6 Accordingly, we affirm the initial decision.

---

the appellant with notice of the applicable burden regarding jurisdiction. ID at 2-5. Accordingly, even assuming that the appellant did not receive such notice prior to the issuance of the initial decision due to technical issues, a different outcome would not be warranted. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (stating that an administrative judge's failure to provide an appellant with proper notice can be cured if the initial decision provides appropriate notice, thus affording the appellant an opportunity to meet his jurisdictional burden on review).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.