**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREW D. FARIS,<br>            Appellant, | DOCKET NUMBER<br>CH-3443-22-0155-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>            Agency. | DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew D. Faris</u>, Indianapolis, Indiana, pro se.

<u>Maryl Rosen</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal on the basis of adjudicatory efficiency. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

The appellant was a Laborer Custodial for the United States Postal Service. Initial Appeal File (IAF), Tab 10 at 28. Effective February 14, 2020, the agency removed him for violating a last chance agreement (LCA). *Id.* at 16-17. That same month, he appealed his removal to the Board. *Faris v. United States Postal Service*, MSPB Docket No. CH-0752-20-0205-I-1, IAF (0205 IAF), Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction. 0205 IAF, Initial Decision (0205 ID) at 1, 8. After the appellant filed a petition for review, the Board issued a Final Order that affirmed the initial decision. *Faris v. United States Postal Service*, MSPB Docket No. CH-0752-20-0205-I-1, Final Order (April 26, 2024) (0205 Final Order).

In January 2022, the appellant filed the instant appeal, again challenging the merits of the agency's decision to remove him for violating the LCA, and alleging that the agency discriminated against him based on unspecified purviews in connection to the removal, the LCA was invalid, the LCA included a non-disclosure agreement (NDA) in violation of 5 U.S.C. § 2302(b)(13), and the agency inconsistently applied its policies regarding absence without leave (AWOL) and unscheduled leave. IAF, Tab 1 at 3, 5, Tab 4 at 5. In an order to show cause, the administrative judge noted that, the appellant alleged that he was "the subject of an adverse action from the United States [P]ostal [S]ervice almost

every other week." IAF, Tab 3 at 2 (quoting IAF, Tab 1 at 5). She ordered the appellant to identify the agency actions that he was appealing. *Id.* at 2, 4-5. She provided a list of matters appealable to the Board. *Id.* at 2-4. The appellant responded, reiterating his claims concerning the removal, discrimination, the NDA, and AWOL and unscheduled leave while adding allegations that the agency breached the LCA, defamed him in its February 3, 2020 removal decision letter, and denied his due process rights by not allowing him "an opportunity to reply to the charge" of removal. IAF, Tab 8 at 4-6, Tab 9 at 4, 8-11, 13. The agency responded to the order to show cause. IAF, Tab 10. The agency argued that the administrative judge must dismiss the appeal for a variety of reasons, including on the grounds of adjudicatory efficiency because the appellant previously filed several other appeals with the Board asserting identical claims. *Id.* at 10-12.

In her initial decision, the administrative judge dismissed the instant appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). She reasoned that it was appropriate to dismiss the appellant's claims regarding the merits of his removal, the validity of the LCA, and the agency's alleged breach of the LCA on grounds of adjudicatory efficiency, finding that he had raised the matter in a prior appeal, *Faris v. United States Postal Service*, MSPB Docket No. CH-0752-20-0205-I-1 (0205 Appeal), that was then awaiting Board action on the appellant's petition for review.[1] ID at 1, 4. Regarding the appellant's AWOL

---

[1] Besides the 0205 Appeal, the appellant has filed a number of other appeals prior to the instant one, including at least two that challenge his removal. *See Faris v. United States Postal Service*, MSPB Docket No. CH-0752-21-0099-I-1, Initial Decision (March 2, 2021) (dismissing the appeal as untimely filed without good cause); *Faris v. United States Postal Service*, MSPB Docket No. CH-3443-20-0495-I-1, Initial Decision (November 6, 2020) (dismissing the appeal for lack of jurisdiction and declining to consider the appellant's claims related his the LCA and his removal on the basis of adjudicatory efficiency). The appellant has filed petitions for review in those appeals, which are still pending with the Board. He subsequently filed at least one additional appeal concerning his removal, *Faris v. United States Postal Service*, MSPB Docket No. CH-3443-22-0253-I-1 (0253 Appeal). The parties have not sought review of the administrative judge's June 2022 initial decision dismissing that appeal, and that decision is now final. 0253 Appeal, Initial Decision (June 7, 2022) (finding that the Board lacks jurisdiction over the appellant's challenge to the agency's determination

and unscheduled leave claim, she found that was connected to his removal, which, as just stated, she refused to adjudicate. *Id.* She also determined that the Board had no jurisdiction over the appellant's defamation allegation and due process claims. ID at 4-5. As to his discrimination claims, the administrative judge noted that the appellant had not raised a claim of discrimination based on uniformed service. ID at 5 n.2. In addition, she observed that the appellant had not alleged a violation of his veterans' preference rights. *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. In his petition for review, he reiterates his claims concerning the merits of his removal, reasserts that the LCA is invalid and that the agency violated his right to due process, and provides examples of "discrimination or harassment."[2] *Id.* at 4-5. He also argues that, to the extent he untimely filed his appeal, it was for good cause. *Id.* at 5-6. The agency has filed a response. PFR File, Tab 3.

When an appellant files an appeal that is identical to claims raised in an earlier appeal after the initial decision in an earlier appeal was issued, but before

---

that he was AWOL, and declining to consider the appellant's removal-related claims on the basis of adjudicatory efficiency); *see* 5 C.F.R. § 1201.113(a) (stating that an initial decision generally becomes final after 35 days if neither party files a timely petition for review).

[2] On review, the appellant submits the following new documentation: a December 11, 2019 message cancelling a doctor's appointment for the next day; and emails dated December 17, 2019, and January 3, 2020, between the appellant, agency, and union personnel. PFR File, Tab 1 at 8-10. The rest of the documentation submitted with the petition for review is in the record below. IAF, Tab 8 at 10, Tab 9 at 4-16; PFR File, Tab 1 at 7, 11-19. The Board may consider new and material evidence or legal argument on review if, despite the party's due diligence, it was not available when the record closed. *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15; 5 C.F.R. § 1201.115(d). The documents submitted by the appellant with his petition for review predate his appeal. He has not explained why he was unable to obtain them previously. In any event, the documents are not relevant to the dispositive collateral estoppel issue, and therefore provide no basis for granting review. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 11 (2005). At the time the administrative judge issued her initial decision, the appellant's petition for review in his 0205 Appeal was still pending at the Board. However, the Board now has issued its decision on the petition for review in that case, affirming the initial decision dismissing his appeal for lack of Board jurisdiction, so the administrative judge's basis for dismissing the appeal is no longer valid. *See id.*; 0205 Final Order. Under these circumstances, it remains appropriate to dismiss the instant appeal, though on jurisdictional grounds relying on the doctrine of collateral estoppel, rather than on the basis of adjudicatory efficiency. *McNeil*, 100 M.S.P.R. 146, ¶ 11.

The purpose of collateral estoppel is to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 11 (2003). It is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom the issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *McNeil*, 100 M.S.P.R. 146, ¶ 15 (2005).

The Board's jurisdiction over the appellant's removal was actually litigated before the Board in the appellant's 0205 Appeal. The "actually litigated" element is satisfied when the issue was properly raised by the pleadings, was submitted

for determination, and was determined. *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 6 (2014). In the initial decision in that case, the administrative judge found, after providing the parties with an opportunity to address the jurisdictional issue, that the appellant failed to allege that he complied with the LCA; did not knowingly and voluntarily enter into the LCA; the agency materially breached the LCA or acted in bad faith; and that the LCA resulted from fraud or mistake. 0205 ID at 4-8. These findings were necessary to the administrative judge's determination in the initial decision that the Board lacks jurisdiction over the appellant's removal. *Faris v. United States Postal Service*, 0205 ID at 4-5, 8 (citing *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007) (stating that the Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board unless an appellant establishes one of these bases for not enforcing the LCA). After the appellant petitioned for review, the Board affirmed that decision. 0205 Final Order. Finally, the appellant has fully represented himself in every one of his appeals. *Fischer v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (determining that a party's pro se status does not preclude the application of collateral estoppel). Thus, the doctrine of collateral estoppel is appropriate here. Because the doctrine of collateral estoppel prevents the appellant from relitigating the issue of the Board's jurisdiction over his removal, the Board does not have jurisdiction over the instant appeal.

On review, in addition to challenging the enforceability of the LCA on various bases, the appellant disputes the merits of his removal, argues that the agency denied him procedural due process, and expands on his discrimination claims. PFR File, Tab 1 at 4-5, 8-10, 12-16. He still does not specify the nature of the agency's alleged discrimination. *Id.* at 5. In the absence of jurisdiction, we lack the authority to review the merits of the appellant's removal. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that the Board cannot review the merits of an appeal if it lacks

jurisdiction (citations omitted)). His remaining claims do not provide an independent source of Board jurisdiction absent an otherwise appealable action. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that absent an otherwise appealable action, the Board lacks jurisdiction over a claims of harmful error and discrimination, and that the agency engaged in other prohibited personnel practices); *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007) (recognizing that the Board has no jurisdiction to review constitutional claims that are not coupled with an independently appealable action). Finally, although the appellant does not reassert his defamation claim on review, we agree with the administrative judge that the Board lacks jurisdiction over this claim. ID at 4-5; *Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995). Accordingly, we dismiss the instant appeal for lack of jurisdiction.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Because we find that the Board lacks jurisdiction over the appeal, we need not address the appellant's arguments concerning timeliness. PFR File, Tab 1 at 5-6.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.